OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, with costs, the revocation of petitioner’s license reinstated, and the petition dismissed.
At a Department of Consumer Affairs hearing to revoke petitioner’s general vendor license for four or more violations of the General Vendor Law in a two-year period (Administrative Code of City of New York, § B32-505.0, subd d), petitioner produced an Environmental Control Board (ECB) memorandum which announced a policy of dismissing all citations issued to vendors before December 1, 1980, for sales in specified zoning districts which vendors had not previously been informed were off limits. All of the 27 summonses which were being used as a predicate for the revocation had been issued to petitioner prior to the specified date, and petitioner testified that they all involved sales in the designated zones. The hearing officer informed petitioner that nothing in his records showed the zones in which the tickets had been issued and that determination of the validity of the individual summonses was a matter within the exclusive province of the ECB. The hearing officer suggested that petitioner go to the ECB to have the summonses reviewed, promising to reconsider the revocation of his license if petitioner were able to have the summonses dismissed. Petitioner agreed to follow this course. An order revoking petitioner’s license was later sent to him.
Petitioner then commenced this article 78 proceeding to annul respondent’s determination revoking his license. The Appellate Division unanimously granted the petition and directed respondent to reinstate petitioner’s license. The court ruled that the hearing officer had acted arbitrarily in the procedural sense when he revoked petitioner’s license without requiring rebuttal of petitioner’s contention that the summonses should be dismissed and without *944 adjourning the hearing to determine the zones in which the summonses had in fact been issued. This ruling was erroneous.
At the hearing, petitioner never made a request for, nor was there a refusal of, an adjournment. As well, he advanced no contention that respondent commissioner was obligated to introduce evidence of the validity of the 27 summonses. He can point to no adverse procedural ruling by the hearing officer by which he was aggrieved. In fact, he acquiesced in the hearing officer’s position that the ECB had sole jurisdiction to dismiss the individual summonses, and he agreed to go to the ECB to have his 27 tickets reviewed and thereafter to come back for a rehearing. Consequently, it cannot accurately be said that the manner of the revocation was arbitrary simply because the hearing officer declined to determine whether the summonses were issued for sales in the specified zones.
Inasmuch as the Appellate Division erroneously annulled the commissioner’s determination on procedural grounds, it becomes necessary to determine whether there was substantial evidence to support the substantive decision (CPLR 7803, subd 4). In this case an ECB printout was received showing the issuance of the 27 summonses and petitioner’s default on them. Petitioner did not contest either the issuance of the tickets or his own default. As a result, there was adequate evidence in the record to support the conclusion that petitioner had four or more violations of the General Vendor Law in a two-year period so as to warrant revocation of his license.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Meyer dissents and votes to affirm for reasons stated in the memorandum at the Appellate Division.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), judgment reversed, with costs, revocation of petitioner’s license reinstated and petition dismissed in a memorandum.